JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CALVIN JOHN CLOWES & CHRISTY CLOWES, H/W
38 William Street
Basking Ridge, NJ 07920

### DEFENDANTS
MICHAEL ROSELLI, SR.
248 Cherry Hill Lane
Broadheadsville, PA 18322  *See attachment

(b) County of Residence of First Listed Plaintiff   SOMERSET COUNTY NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   MONROE COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew P. Moore, Esquire
Moore Pacaro & Brooks, LLC
1132 Old York Road, Abington, PA 19001 (215)-885-3500

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332

Brief description of cause:
Tort Claim Premise Liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
None
JUDGE _____  DOCKET NUMBER _____

DATE 8-24-2021

SIGNATURE OF ATTORNEY OF RECORD  /s/ Andrew P. Moore

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____

*Attachment

SUSAN ROSELLI
248 Cherry Hill Lane
Broadsheadville, PA 18322
MONROE COUNTY
    and
WEST END RENT ALL, INC., d/b/a
WEST END EQUIPMENT AND
RENT-ALL CENTER
1554 Route 209
Broadheadsville, PA 18322
MONROE COUNTY
    and
ROSELLI FAMILY COMPANY IV,
LLC, d/b/a WEST END EQUIPMENT
10 Cherry Hill Lane
Broadheadsville, PA 18322
MONROE COUNTY
    and
ROSELLI FAMILY COMPANY, LLC
757 South 25th Street
Easton, PA 18045
NORTHAMPTON COUNTY
    and
ROSELLI FAMILY COMPANY II, LLC
10 Cherry Hill Lane
Broadheadsville, PA 18322
MONROE COUNTY
    and
ROSELLI FAMILY COMPANY III, LLC
10 Cherry Hill Lane
Broadheadsville, PA 18322
MONROE COUNTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALVIN JOHN CLOWES & <br> CHRISTY CLOWES, H/W <br> 38 William Street <br> Basking Ridge, NJ 07920 <br> vs. <br> MICHAEL ROSELLI, SR. <br> 248 Cherry Hill Lane <br> Broadheadsville, PA 18322 <br> and <br> SUSAN ROSELLI <br> 248 Cherry Hill Lane <br> Broadheadsville, PA 18322 <br> and <br> WEST END RENT ALL, INC., d/b/a <br> WEST END EQUIPMENT AND <br> RENT-ALL CENTER <br> 1554 Route 209 <br> Broadheadsville, PA 18322 <br> and <br> ROSELLI FAMILY COMPANY IV, <br> LLC, d/b/a WEST END EQUIPMENT <br> 10 Cherry Hill Lane <br> Broadheadsville, PA 18322 <br> and <br> ROSELLI FAMILY COMPANY, LLC <br> 757 South 25th Street <br> Easton, PA 18045 <br> and <br> ROSELLI FAMILY COMPANY II, LLC <br> 10 Cherry Hill Lane <br> Broadheadsville, PA 18322 <br> and <br> ROSELLI FAMILY COMPANY III, LLC <br> 10 Cherry Hill Lane <br> Broadheadsville, PA 18322 | : <br> : <br> : No. 21-cv- <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**COMPLAINT**

**I.   PARTIES**

1.   Plaintiffs Calvin John Clowes and Christy Clowes are married adult citizens and

residents of the State of New Jersey, residing at the address set forth in the Caption.

2. Defendant, Michael Roselli, Sr. is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at the address set forth in the Caption.

3. Defendant, Susan Roselli is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at the address set forth in the Caption.

4. Defendant West End Rent All, Inc., d/b/a West End Equipment and Rent-All Center is a corporation or other jural entity incorporated under the laws of the Commonwealth of Pennsylvania with a principal place of business located in Brodheadsville Pennsylvania.

5. Defendant Roselli Family Company IV, LLC, d/b/a West End Equipment is a corporation or other jural entity incorporated under the laws of the Commonwealth of Pennsylvania with a principal place of business located in Brodheadsville Pennsylvania.

6. Defendant Roselli Family Company, LLC is a corporation or other jural entity incorporated under the laws of the Commonwealth of Pennsylvania with a principal place of business located in Easton, Pennsylvania.

7. Defendant Roselli Family Company II, LLC is a corporation or other jural entity incorporated under the laws of the Commonwealth of Pennsylvania with a principal place of business located in Broadheadsville, Pennsylvania.

8. Defendant Roselli Family Company III, LLC is a corporation or other jural entity incorporated under the laws of the Commonwealth of Pennsylvania with a principal place of business located in Broadheadsville, Pennsylvania.

**II.   JURISDICTION AND VENUE**

9. This Court has proper jurisdiction over this case pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiffs and Defendants, and the

amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Roselli Family Company, LLC resides in the Eastern District of Pennsylvania, with a principal place of business in Northampton County, Pennsylvania, and all Defendants are residents of the Commonwealth of Pennsylvania.

11. Alternatively, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants Michael Roselli, Sr., Susan Roselli, West End Rent All, Inc., d/b/a West End Equipment and Rent-All Center, Roselli Family Company IV, LLC, d/b/a West End Equipment, Roselli Family Company, LLC, Roselli Family Company II, LLC, and Roselli Family Company III, LLC have sufficient minimum contacts with the Eastern District of Pennsylvania, regularly conduct business in, and have intentionally availed themselves of the markets within this District through the promotion, sale, marketing, and distribution of their products and services.

### III. OPERATIVE FACTS

12. Plaintiffs incorporate by reference all of the above paragraphs, as if set forth fully herein.

13. Date of accident:  April 2, 2021

14. Location of accident:  1554 Route 209, Broadheadsville, PA 18322

15. At all times material hereto, Defendants Michael Roselli, Sr. and Susan Roselli were the deeded owners who owned, managed, possessed, maintained, and otherwise controlled the commercial building located at the above-referenced address, which was utilized as an equipment rental and sales facility (hereinafter the "subject premises").

16. Upon information and belief, and at all times relevant hereto, Defendants Michael Roselli, Sr. and Susan Roselli owned the subject premises and provided and/or leased it to the Defendants West End Rent All, Inc., d/b/a West End Equipment and Rent-All Center and Roselli Family Company IV, LLC, d/b/a West End Equipment.

17. Upon information and belief, and at all times relevant hereto, Defendants Michael Roselli, Sr. and Susan Roselli operated the Roselli Family Company IV, LLC, d/b/a West End Equipment and were not landlords out of possession.

18. Upon information and belief, and at all times relevant hereto, Defendant Michael Roselli, Sr. was the sole listed shareholder on the Articles of Incorporation of Defendant West End Rent All, Inc., d/b/a West End Equipment and Rent-All Center and has a measure of control over the entity's day to day operations.

19. Upon information and belief, and at all times relevant hereto, Defendant Roselli Family Company, LLC, Defendant Roselli Family Company II, LLC and Defendant Roselli Family Company, III, LLC are holding and/or management entities run by Defendant Michael Roselli, Sr., and involved in the operations of Defendant Roselli Family Company IV, LLC, d/b/a West End Equipment and Defendant West End Rent All, Inc., d/b/a West End Equipment and Rent-All Center.

20. At all times material hereto, the Defendants West End Rent All, Inc., d/b/a West End Equipment and Rent-All Center and Roselli Family Company IV, LLC, d/b/a West End Equipment utilized the subject commercial building for their equipment rental and sales business and owned, managed, possessed, maintained, and otherwise controlled the subject premises, including the building's roof, skylights, and fixtures.

21. At all times material hereto, Defendants Michael Roselli, Sr., Susan Roselli, West

End Rent All, Inc., d/b/a West End Equipment and Rent-All Center, Roselli Family Company IV, LLC, d/b/a West End Equipment, Roselli Family Company, LLC, Roselli Family Company II, LLC; and Roselli Family Company III, LLC, (hereinafter referred to collectively as the "Defendants") were acting or, alternatively, failed to act by and through their agents, servants, workmen and employees, who were acting within the course and scope of their actual agency, ostensible agency, service and/or employment.

22. On April 2, 2021, Plaintiff Calvin John Clowes (hereinafter "Plaintiff") was a business invitee of Defendants, providing an estimate of the cost of repairs for hail storm damage to the subject premises at the specific direction and request of the Defendants.

23. As Plaintiff walked out onto the roof of the subject premises, he stepped onto a roof panel containing a skylight that was concealed from his view by the color and nature of the roofing materials. Suddenly, and without warning, the skylight panel collapsed, and Plaintiff crashed through it, violently impacting the floor below.

24. Unbeknownst to Plaintiff, and at all relevant times herein, said skylight panel was defective, dangerous, lacked proper reinforcement, and lacked adequate safety measures (including anti-fall risk safeguards such as skylight guardrails and skylight screens) and represented a significant safety hazard.

25. At all relevant times hereto, Defendants had a duty to provide a safe place to work for Plaintiff and others performing services at their direction and to their benefit at the subject premises.

26. Prior to April 2, 2021, Defendants knew or had reason to know that a person such as Plaintiff, walking on the roof of the subject premises, would come into contact with or in close proximity to the skylights, including the skylight that Plaintiff fell through.

27. Prior to April 2, 2021, Defendants knew or had reason to know that the skylights on the roof of the subject premises, including the skylight that Plaintiff fell through, were unsafe and posed a significant safety hazard to any person on the roof.

28. Prior to April 2, 2021, Defendants knew or should have known of the unsafe conditions at the subject premises, including the unsafe conditions of the skylights on the roof, and had a duty to warn and safeguard Plaintiff from the dangers posed by the unsafe conditions.

29. Defendants had a duty to inspect the skylights on the roof, and ensure that the skylights were visible, compliant with applicable building standards, safe, properly guarded, and free of hazards.

30. Defendants failed to ensure that the roof and skylight involved in the accident were maintained, serviced, inspected, installed, repaired, and safeguarded in a manner to safeguard workers such as Plaintiff from injury.

31. Defendants, by and through their agents, servants, workmen and/or employees, breached their duty owed to Plaintiff by requesting, authorizing and/or approving work at a hazardous location, specifically, the roof of the subject premises and the skylights located thereon.

32. As a direct and proximate result of the carelessness, negligence, and other liability-producing conduct of the Defendants, Plaintiff sustained catastrophic, disabling and permanent injuries, including but not limited to:

(a) Compression fractures of the T12, L2, L4 and L5 vertebrae;

(b) Multiple displaced fractures of the transverse processes of the right T12-L5 vertebrae;

(c) Non-displaced transverse process fracture of the T10 vertebra;

(d) Multiple displaced and non-displaced fractures of the right posterior 4th through 12th ribs, right anterolateral 4th through 7th ribs and fracture of the right 10th rib at the costovertebral junction;

(e) Flail chest with dyspnea;

(f) Right lung collapse;

(g) Right pulmonary contusion with perihilar linear atelectasis and bilateral pleural effusions;

(h) Internal disc derangement at L1-L2, L3-L4, L4-L5 and L5-S1;

(i) Right retroperitoneal hematoma with induration of the right posterior abdominal and gluteal subcutaneous fat;

(j) Extensive internal bleeding, and bleeding at fracture sites;

(k) Extensive edema and significant contusions, abrasions and lacerations about his body;

(l) Severe pain and suffering;

(m) Sleepless nights and anguished days;

(n) Embarrassment, mental anguish and humiliation;

(o) Great and severe shock to his nerves and nervous system;

(p) Severe emotional disturbances; and

(q) Significant changes in temperament.

The full extent of Plaintiff's injuries have yet to be determined.

33. As a direct and proximate result of the carelessness, negligence, and other liability-producing conduct of the Defendants, Plaintiff has in the past and will in the future require medicines, medical care and treatment; he has in the past and will in the future continue

to be compelled to expend monies and incur further obligations for such medical care and treatment; he has in the past and will in the future continue to suffer agonizing pain and mental anguish; he has in the past and will in the future continue to be disabled from performing his usual duties, occupations and avocations, all to his great loss and detriment.

34. As a direct and proximate result of the carelessness, negligence, and other liability-producing conduct of the Defendants, Plaintiff has sustained significant and ongoing conscious pain and suffering, loss of physical function, permanent physical, mental and psychological injuries, humiliation and embarrassment, disfigurement, loss of enjoyment of life, loss of earnings and future earning capacity, and all of the damages to which he is entitled under the law of Pennsylvania.

## COUNT I

### CALVIN JOHN CLOWES V. ALL DEFENDANTS

35. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as is fully set forth at length herein.

36. At all times relevant hereto, Defendants had a duty imposed by law to control, manage, and/or maintain the subject premises, and were responsible for the safety of business invitees, such as Plaintiff.

37. Because the Defendants had a duty under the law to inspect areas before allowing access to said areas, Defendants knew or should have known of the unsafe and hazardous condition on the subject premises that led to this incident and Plaintiff's injuries.

38. At all times relevant hereto, Defendants controlled, monitored and directed Plaintiff's work on the roof of the subject premises, and in connection therewith set forth instructions, recommendations, directions, and/or procedures for the performance of said work.

39. Defendants, by and through their agents, servants, workmen, and/or employees were careless and negligent in:

(a) Failing to provide Plaintiff, a business invitee, a safe place in which to work;

(b) Failing to regard the rights, safety and position of the Plaintiff;

(c) Failing to cover, prevent and/or restrict access to the skylight that Plaintiff ultimately fell through in a reasonable, adequate and prudent manner;

(d) Failing to utilize or require the utilization of proper safeguards, including but not limited to skylight guardrails and skylight safety screens;

(e) Failing to effectively communicate and post adequate warnings about hazardous conditions pertaining to the skylights on the roof at the subject location.

(f) Failing to warn Plaintiff of the peculiar, dangerous and/or unsafe conditions existing on the roof at the subject location including, but not limited to, the defective and dangerous skylights;

(g) Failing to make the defective and dangerous skylights clearly visible and apparent;

(h) Failing to remove, replace, modify, safeguard (including the use of skylight guardrails and skylight safety screens) or otherwise remedy the presence of existing dangerous skylights, including the skylight that Plaintiff fell through;

(i) Failing to inspect and/or properly inspect the premises so as to discover the dangerous skylight panels that were improperly, defectively, and/or unsafely designed, engineered, and/or constructed such that they would collapse, causing injury to Plaintiff;

(j) Failing to hire and employ roofing and construction professionals sufficiently qualified to maintain the premises in a safe manner;

(k) Failing to have personnel attend to, rectify or inspect the dangerous condition;

(l) Failing to comply with the industry standards, rules and regulations including, but not limited to, International Building Code (IBC), the International Property Maintenance Code (IPMC), ANSI Safety Standards and The American Society for Testing and Materials (ASTM) Standard Practice for Safe Walking Surfaces;

(m) Creating an unsafe condition by failing to protect against the unsafe, defective, and/or improper engineering, designing, installation and/or manufacturing of skylight panels that would comprise the roof at the subject premises and/or allowing the roof to be improperly, defectively and/or unsafely constructed such that it would collapse causing injury to Plaintiff;

(n) Creating an unsafe condition on the roof of the subject premises by unsafely, defectively, and/or improperly installing, engineering, designing, and/or manufacturing the skylight panels that would comprise the roof of the subject premises and/or allowing the roof to be improperly, defectively and/or unsafely constructed such that it would collapse causing injury to Plaintiff;

(o) Creating an unsafe condition on the roof of the subject premises by unsafely, defectively, and/or improperly installing, engineering, designing, and/or manufacturing the skylight panels that would comprise the roof of the subject premises before permitting Plaintiff, as a business invitee, to proceed and work in the area of the roof;

(p) Permitting business invitees to access and work in an area with a risk of injury when Defendants knew or, in the exercise of reasonable care, should have known of the dangerous condition;

(q) Permitting the dangerous condition described herein to be and remain on the

premises when Defendants knew or, in the exercise of reasonable care, should have known of the dangerous condition;

(r) Permitting the dangerous condition described herein to be and remain on the premises when Defendants knew or, in the exercise of reasonable care, should have known that Plaintiff would not discover or realize the dangerous condition; and

(s) Violating and/or failing to comply with all federal and state statutes, local ordinances, and all other rules, enactments or regulations applicable, or in effect, including but not limited to applicable OSHA regulations, pertaining to work performed on building roofs and/or in proximity to skylights and other fall hazard, constituting negligence per se.

WHEREFORE, Plaintiff Calvin John Clowes demands damages against Defendants Michael Roselli, Sr., Susan Roselli, West End Rent All, Inc., d/b/a West End Equipment and Rent-All Center, Roselli Family Company IV, LLC, d/b/a West End Equipment, Roselli Family Company, LLC, Roselli Family Company II, LLC, and Roselli Family Company III, LLC individually, jointly and/or severally, for such compensatory damages as may be permitted under applicable law in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and the prevailing arbitration limits, and for a trial by jury on all issues as a matter of right.

## COUNT II

### CHRISTY CLOWES V. ALL DEFENDANTS

40. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as is fully set forth at length herein.

41. As a result of the aforesaid conduct of the Defendants and the ensuing catastrophic injuries to Plaintiff Calvin John Clowes, Plaintiff Christy Clowes has in the past

been deprived and may in the future continue to be deprived of the love, affection, companionship, service and consortium from her spouse.

42.     Accordingly, Plaintiff Christy Clowes seeks, from Defendants all recognized and recoverable loss of consortium damages in her capacity as Plaintiff Calvin John Clowes's spouse.

WHEREFORE, Plaintiff Christy Clowes demands damages against Defendants Michael Roselli, Sr., Susan Roselli, West End Rent All, Inc., d/b/a West End Equipment and Rent-All Center and Roselli Family Company IV, LLC, d/b/a West End Equipment, Roselli Family Company, LLC, Roselli Family Company II, LLC and Roselli Family Company III, LLC, individually, jointly and/or severally, for such compensatory damages as may be permitted under applicable law in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) and the prevailing arbitration limits, and for a trial by jury on all issues as a matter of right.

MOORE PACARO & BROOKS, LLC

By: _____
Andrew P. Moore, Esquire
Attorney Id. No. 57486
1132 Old York Road
Abington, PA  19001
(215) 885-3500
(215) 885-3500 Fax
amoore@moore4law.com

Date: 8-24-2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

CALVIN JOHN CLOWES &
CHRISTY CLOWES, H&W : CIVIL ACTION
vs
MICHAEL ROSELLI, SR, :
ET AL. : NO. 21-CV-

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.           ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                             ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

8-24-2021                  Andrew P. Moore           Plaintiffs
_____                 _____         _____
Date                       Attorney-at-law           Attorney for

215-885-3500               215-885-3562              amoore@moore4law.com
_____                 _____         _____
Telephone                  FAX Number                E-Mail Address

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __38 William Street Basking ridge, NJ  07920__

Address of Defendant: __248 Cherry Hill Lane, Broadheadsville, PA 18322__

Place of Accident, Incident or Transaction: __1554 Route 209, Broadheadsville, PA 18322__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case  [ ] is / [ ] is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____     _____
                         *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  **Federal Question Cases:**
 1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
 2. [ ] FELA
 3. [ ] Jones Act-Personal Injury
 4. [ ] Antitrust
 5. [ ] Patent
 6. [ ] Labor-Management Relations
 7. [ ] Civil Rights
 8. [ ] Habeas Corpus
 9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
     *(Please specify):* _____

B.  **Diversity Jurisdiction Cases:**
 1. [ ] Insurance Contract and Other Contracts
 2. [ ] Airplane Personal Injury
 3. [ ] Assault, Defamation
 4. [ ] Marine Personal Injury
 5. [ ] Motor Vehicle Personal Injury
 6. [ ] Other Personal Injury *(Please specify):* _____
 7. [ ] Products Liability
 8. [ ] Products Liability – Asbestos
 9. [✓] All other Diversity Cases
     *(Please specify):* __Premises Liability__

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Andrew P. Moore__, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __8/24/2021__    _____    __57486__
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*